Mary Jo BARNETT, et al.

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., et
al.

No. 2:00 CV 175.

United States District Court,
E.D. Texas,
Marshall Division.

March 27, 2006.

Bradley Earl Beckworth, Jeffrey John Angelovich, Nelson James Roach, Nix Patterson & Roach LLP, Daingerfield, TX, Harry Grant Potter, III, Attorney at Law, Austin, TX, Russell Van Beustring, Attorney at Law, Steven Joseph Kherkher, Williams Bailey Law Firm, Houston, TX, for Mary Jo Barnett, John Allen Brookins and Dewey Jack Crossland.

Daniel John McLoon, Jones Day, Los Angeles, CA, Brian Arthur Farlow, Elrod PLLC, Lucinda Warnett Andrew, Jones Day, Dallas, TX, Herschel Tracy Crawford, Ramey & Flock, Tyler, TX, for Experian Information Solutions Inc.

C. Ed Harrell, Hughes Watters & Askanase, Houston, TX, Deborah J. Jeffrey, Graeme W. Bush, Zuckerman Spaeder Goldstein, Taylor & Kolker LLP, Washington, DC, for The Credit Store.

Elizabeth L. Derieux, Mitchell Lynn Motley, Sidney Calvin Capshaw, III, Brown McCarroll, Longview, TX, Scott C. Frost, Statman Harris Siegel & Eyrich, Stacie E. Barhorst, Chicago, IL, for Unifund Corporation.

### ORDER

WARD, District Judge.

The plaintiffs, in compliance with the court's order, filed a status report concerning this case (see docket entry # 119). The court ordered the status report because of its concern with allowing the class claims to proceed against The Credit Store. Having considered the status report, the court, *sua*

308

*sponte,* decertifies the class claims against The Credit Store.

The plaintiffs' class claims assert violations of the Fair Debt Collection Practices Act. The plaintiffs contend that the defendant purchased old debts and changed the date of last activity on the accounts such that they could be reported to credit reporting agencies under the Fair Credit Reporting Act. This gave the debt collectors leverage to collect the obsolete debts. By prior order, the court certified a Rule 23(b)(3) class against The Credit Store. The court's certification decision was delayed because The Credit Store had previously filed for bankruptcy protection.

As outlined in the status report, The Credit Store has been in bankruptcy since the fall of 2002. The Credit Store has not operated as a going concern since those proceedings were converted to Chapter 7 proceedings. An Order Lifting Stay allowed this case to proceed, but only against any insurance proceeds available to The Credit Store. Plaintiffs believe that the total amount of such proceeds available for *all* claims against The Credit Store is not in excess of $5 million.

As of the time of the conversion to Chapter 7, there were an estimated $50 million in secured claims and only $10 million in assets. There are insufficient current assets to cover Chapter 7 administrative expenses and, due to the structure of the settlement with the secured creditors, it will be between 3 and 4 years before anyone will know if there will be any excess cash flow available for any of the unsecured creditors.

■ Given the limited insurance coverage and the bleak financial condition of The Credit Store, the court questions whether this litigation should proceed as a class action. The district court retains discretion to decertify a class throughout the litigation. *See Richardson v. Byrd,* 709 F.2d 1016, 1019 (5th Cir.1983)("The district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."). Courts have held that the "district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met." *Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 572

(2d Cir.1982). After considering the substantive law in light of the status report filed by the plaintiffs, the court holds that decertification is appropriate.

■ In this case, any hope of recovery for the class is speculative at best. In a class action case brought under the Fair Debt Collection Practices Act, recovery of damages for the class is limited to the lesser of $500,000 or 1% of the net worth of the defendant. 15 U.S.C. § 1692k(a)(2)(B). It is well-settled that a Rule 23(b)(3) class is appropriate only if the class action procedure is superior to other types of litigation. Fed. R.Civ.P. 23. The cost of giving notice, individual or otherwise, to absent class members under these circumstances counsels this court to decertify this class, as it does not appear that the Rule 23 prerequisites exist. It is therefore ordered that the court's September 30, 2004 order, to the extent it ordered certification of the class against The Credit Store, is vacated.

■ The next question is whether notice of decertification is appropriate. There is a risk that absent class members have relied on the existence of this case to protect their rights, given that the filing of the case tolls the statute of limitations. The court is mindful that it "should exercise its power to alter or amend its class-action determination with great care, taking into account the due process rights of absent class members." 7 AA Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE, CIVIL 3D § 1785.4 (2005). To this end, the court notes that individual notice has not been sent to absent class members. Moreover, there is no indication that any absent class member is even aware of these proceedings. Coupled with the bankruptcy of The Credit Store, these facts render it unlikely that any absent class members have relied on the pendency of this case. Nevertheless, the court is persuaded that some notice to absent class members is proper. The court orders class counsel to publish a notice of this decertification order on its website for 30 days. The notice shall contain the full style of this case and shall advise potential class members that the court has decertified a class action involving alleged

Fair Debt Collection Practices Act violations against The Credit Store. Finally, the notice shall advise absent class members that the statute of limitations for individual claims against The Credit Store is no longer tolled by the pendency of this case, and that class counsel no longer represent the absent class members in connection with these claims. The court holds that this notice is appropriate under the circumstances of this case.